IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TAMMY MARIE STIERWALT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00967-O-BP |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY, § | |
| § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff's Petition and Brief for Award of Attorney Fees and Court Costs Under the Equal Access to Justice Act filed on August 30, 2021, and Defendant's Response to Plaintiff's Petition and Brief for Award of Attorney Fees and Court Costs Under the Equal Access to Justice Act filed on August 31, 2021. ECF Nos. 34 and 35, respectively. Noting that the Petition is unopposed, and for good cause shown, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Petition.

The Court finds that Plaintiff, Tammy Marie Stierwalt, was the prevailing party in this case. The Court further finds, pursuant to 28 U.S.C. § 2412(d)(2)(A), that the appropriate hourly rate at which to award fees in this case is $201.20 per hour for services performed in 2020 and $208.20 per hour for services performed in 2021. The Court further finds that Plaintiff is entitled to attorney fees for compensation of 6.95 hours of service performed in 2020 and 24.25 hours of service performed in 2021. The Court further finds that Plaintiff is entitled to recover her taxable court costs of $400.00.

Accordingly, the undersigned **RECOMMENDS** that Defendant be **ORDERED** to pay Plaintiff Tammy Marie Stierwalt, in care of Ronald D. Honig, an attorney, attorney fees under the Equal Access to Justice Act for 6.95 hours of service performed in 2020 at the rate of $201.20 per hour and 24.25 hours of service performed in 2021 at the rate of $208.20, and $400.00 in taxable court costs, for a total sum of $6,847.19.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on November 24, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE